# U. S. CIRCUIT COURT.

## FRANCIS A. FOGG agt. CLINTON B. FISK.

*Removal of cause from state to United States courts — Examination before trial — Examination actually pending at time of removal — Right to continue — Code of Civil Procedure, sections 870, 881, 883.*

Where an action was begun in the state court and an order thereafter obtained under sections 870, &c., Code of Civil Procedure requiring the defendant to appear and testify before trial, and whilst the examination of the defendant was being had under such order, he removed the cause into the circuit court under "the local prejudice act:"

*Held*, that although in actions at law begun in the federal courts depositions cannot be taken under the state practice, yet where, as in this case, such an examination was actually pending at the time of removal, the right to continue the same is preserved under the act of congress of 1875, and on motion the defendant will be compelled to attend and testify under the order, although the plaintiff may not be entitled to read the deposition upon the trial.

Instances in which such depositions may be used.

*Southern District, of New York, January*, 1884.

*John R. Dos Passos*, for plaintiff.

*Wheeler H. Peckham*, for defendant.

Fogg agt. Fisk.

WALLACE, *J.*— At the time this suit was removed from the state court by the defendant his examination as a witness was pending under an order of that Court directing him to appear and be examined before the trial as a witness at the instance of the plaintiff. By the Code of Civil Procedure of this state, a deposition thus taken may be read in evidence by either party at the trial of the action, and also in any other action brought between the same parties, or between parties claiming under them or either of them (*sec.* 881), and has the same effect as though the party were orally examined as a witness upon the trial (*sec.* 883).

The plaintiff now moves for leave to proceed with the examination of the defendant pursuant to that order, and the defendant resists the application upon the ground that the examination of a party before the trial as a witness for the adverse party is not permitted by the practice of this court.

It is well settled in this circuit that section 914, United States Revised Statutes, for conforming the practice of the federal courts in suits at common law as near as may be to that of the state courts, does not apply to the taking of testimony, because the statutes of congress cover the whole subject, and these statutes not only do not provide for the examination of a party as a witness for the adverse party before the trial in actions at law, but do not permit evidence thus obtained to be used upon the trial as a substitute for the oral examination of the witness (*U. S. R. S., sec.* 861; *Beardsley* agt. *Littell,* 14 *Blatch.,* 102; *U. S.* agt. *Pings,* 4 *Fed. R.,* 714).

If, therefore, this were an action originally brought in this court, the plaintiff should not be permitted to proceed with the examination of the defendant. But the removal act of 1875 carefully saves to both parties the benefit of all proceedings taken in the action prior to its removal from the state court.

Section 4 declares that when any suit is removed from a state court to a circuit court of the United States, all injunc-

tion orders and other proceedings had in such suit prior to its removal shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed. By force of this provision the plaintiff is entitled to proceed with the defendant's examination, unless for some substantial reason the revisory power of this court should be exercised to deprive him of the benefit of the order he has obtained and the proceeding he has instituted. It lies with the defendant, therefore, to present some controlling reason to the judicial discretion for denying to the plaintiff the right which he had secured, and of which he could not be deprived except by a removal of the suit.

That both parties have deemed this proceeding an important one, is obvious from the tenacity with which the right to pursue it has been contested. It appears by the record and moving papers that the defendant has been defeated in efforts to vacate the order for his examination by the supreme court at special term and at general term, and by the court of appeals, and that although for a period of eighteen months he was willing to submit his rights to the state courts, he invoked the jurisdiction of this court when there was no other resources left by which he could escape an examination. Certainly there are no equities which should induce this court to deprive the plaintiff of the fruits of his long struggle. If the examination of the defendant could subserve no useful purpose to the plaintiff, undoubtedly the defendant should not be subjected to it, or be put to the annoyance or inconvenience which it might entail upon him. But although the defendant's testimony, when obtained, may not be of service to the plaintiff to the full extent it would be in the state courts, it may nevertheless be of some value. If it cannot be used on the trial of this action as a substitute for the oral examination of the defendant, it can be as the declaration of a party; and it can also be used in other suits in the courts of this state between the same parties or their privies, pursuant to section 881 of the Code.

VOL. LXVI. 44

There seems to be no reason, therefore, for dissolving or modifying the order of the state court, or for denying to the plaintiff the benefit of the proceeding which was pending when the defendant removed the suit.

The motion is granted.